The document below is hereby signed.

Signed: March 21, 2019



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STACY CECELIA MILLS, | ) | Case No. 18-00737 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION
SUPPLEMENTING ORAL DECISION RE MOTION TO DISMISS CASE

This supplements the court's oral decision of March 15, 2019, regarding the Chapter 13 trustee's motion to dismiss the case. The case will be dismissed pursuant to 11 U.S.C. § 1307(c)(1) based on unreasonable delay by the debtor that is prejudicial to creditors.

The debtor commenced her case on November 14, 2018. On November 28, 2018, the debtor filed a motion to extend the time to file schedules, without specifying a requested deadline. On December 12, 2018, the court granted an extension to December 10, 2018, and the debtor is obviously correct that she did not know in advance that December 10, 2018, was the new deadline set. However, despite that date of December 10, 2018, having already passed when she received the order granting the extension, the

debtor filed no further motion for an extension of the deadline.

Under 11 U.S.C. § 521(i), the case became subject to automatic dismissal as of the 46th day after the commencement of the case based on the debtor's failure to file her schedules and certain other documents required by 11 U.S.C. § 521(a)(1). The debtor did not file her schedules, statement of financial affairs, and a *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period* until January 9, 2019, the 56th day after the commencement of the case. She still has not filed, as required by 11 U.S.C. § 521(a)(1)(B)(iv), copies of certain payment advices or, if she received none, a statement as required by LBR 1007-5(d) that she received none. Although the trustee and the debtor's creditors have not specifically invoked § 521(i),[1] the debtor's failure to file documents required by 11 U.S.C. § 521(a)(1) by the 45th day of the case in order to avoid making the case subject to automatic dismissal under § 521(i) is at the very least evidence of unreasonable delay that is prejudicial to creditors.

The debtor failed to appear at the meeting of creditors set for December 17, 2018, and this and other delays of the debtor in the case (including the debtor's continuing failure even after

---

[1] If the trustee had specifically requested dismissal under § 521(i), then § 521(i)(2) provides that "[i]f requested, the court shall enter an order of dismissal not later than 7 days after such request."

January 9, 2019, to file payment advices) prompted the Chapter 13 trustee to file a motion to dismiss the case on January 14, 2019, with the hearing on that motion set for February 15, 2019, which was also the date for a confirmation hearing regarding the debtor's Chapter 13 plan. However, based on the debtor's representation that she had suffered a fall that caused her not to appear at the meeting of creditors on December 17, 2018, the trustee had the hearing on the motion to dismiss and the confirmation hearing on the debtor's plan continued to March 15, 2019, and on February 27, 2019, re-set the meeting of creditors for March 11, 2019. The debtor failed to appear at the rescheduled meeting of creditors set for March 11, 2019, arriving at the meeting room more than an hour after the scheduled time, thus resulting in further unreasonable delay of the case that is prejudicial to creditors.

The debtor's latest proposed Chapter 13 plan filed on January 15, 2019, and proposing to pay only $100 per month to the Chapter 13 trustee, is plainly not confirmable. It is missing two pages, thus failing to address a proposed treatment of U.S. Bank, N.A.'s claim, and it fails to specify a treatment of the claims of unsecured creditors. The debtor has thus failed to move this case along in a reasonable fashion. To obtain a confirmed plan, the debtor would be required to file a further amended plan, giving creditors notice of the opportunity to

oppose confirmation of such further amended plan, thus resulting in further delay of the case.

The foregoing demonstrates that the debtor has engaged in unreasonable delay that is prejudicial to creditors, and warrants dismissal of the case.

In addition, I note that the debtor's secured creditor, U.S. Bank, N.A., as trustee for a trust, has filed a claim asserting that it is owed $319,365.73 in prepetition arrears. The debtor apparently wants to cure any prepetition arrears under a plan. The debtor contends that the claim is objectionable, but she has not filed an objection to the claim. This is another instance of unreasonable delay that is prejudicial to creditors unless the debtor could obtain confirmation of such a plan despite the amount of that prepetition arrearage claim. However, the debtor gave only sketchy and conclusory testimony as to her ability to obtain a confirmed plan, failing to prove what net disposable income she would have for making payments under a confirmed plan.

An order dismissing the case follows.

[Signed and dated above.]

Copies to: Debtor (by hand-mail); recipients of e-notifications.